## CAVE v. SUPERINTENDENT OF STATE REFORMATORY FOR MALES

[H. C. 48, October Term, 1950.]

*Decided June 15, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

GRASON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus* by Judge Bailey, of the Circuit Court for Wicomico County.

The reason contained in the applicant's petition for the writ is that he is restrained of his liberty (he is now confined in the Maryland State Reformatory for Males) in violation of the constitutions of the State of Maryland and of the United States.

In his brief he states when he was called to trial he protested that he was not given a preliminary hearing (although he was regularly indicted by the Grand Jury for Baltimore City) ; that Judge Manley, who was then presiding, asked the States Attorney why he was not given a preliminary hearing, and he replied: "I am

sorry we have neglected to do so, your Honor, but this is a brother to Kenneth Cave who is over in the City jail", and that Judge Manley replied: "Oh, then he needs none". There is nothing in the record to sustain this statement in the applicant's brief. We cannot consider unsworn statements, and such matters as this cannot be raised on *habeas corpus*, for they can be reviewed on an appeal. *Loughran v. Warden of Md. House of Correction*, 192 Md. 719, 64 A. 2d 712.

He then argues that it is absolutely indispensable that a prisoner should be given a preliminary hearing, and if he is indicted without first having been given a preliminary hearing a subsequent trial and conviction is a nullity. He says this is so under a Federal law, and cites a section of *Corpus Juris Secundum* as authority for his position. He says that this is the law throughout the country, the decisions of any of the State courts notwithstanding; that the decision of this court that a preliminary hearing is not an indispensable condition to a lawful indictment is against the Federal law, which is supreme, and that our decisions should be brought in accord with the Federal law. We held in *Hartnett v. Warden of Maryland House of Correction*, 194 Md. 727, 71 A. 2d 303, that a preliminary hearing is not necessary to a valid indictment and that is still the law of Maryland. State ex rel *Sanner v. Warden of Maryland House of Correction*, 191 Md. 743, 59 A. 2d 762.

He further stated in his brief: At his trial a co-defendant testified that he (the prisoner) was not at the scene of the crime at the time of the commission thereof and knew nothing of the crime, but was removed from the stand before he (the prisoner) could, by questioning the witness, "elaborate" on his testimony. He said in his brief that Judge Manley wanted to know why the prosecution did not want the witness to testify further. The prosecutor answered: "Your Honor, if I leave this witness on the stand he will tie up the case of Donald Cave". If the applicant wanted to further "elaborate" on the witness's testimony he should have requested the

court to allow him to do so, and if the court refused he could have appealed. As to the alleged conversation between the judge and the prosecutor, it is not contained in the record and there is nothing to show that it was sworn to; there are no affidavits as to its truth filed in this proceeding, and cannot be considered on this application. *Loughran v. Warden,* etc., *supra.*

*Application denied, with costs.*