## PRITCHARD *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 33, October Term, 1955.]

*Decided April 4, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge S. Ralph Warnken of the Supreme Bench of Baltimore City.

The docket entries show that the petitioner pleaded guilty to an indictment for desertion on July 28, 1955, in the Criminal Court of Baltimore and was sentenced by Judge Manley to the Maryland House of Correction for eighteen months. The petitioner escaped from the Maryland House of Correction and was returned there on October 12, 1955, and given an additional sentence of six months. Judge Warnken stated in his opinion in this case that the official papers in the office of the Clerk of the Criminal Court show that petitioner was charged with desertion and non-support in separate counts and that he pleaded guilty generally on July 28, 1955.

Petitioner contends that on July 28, 1955, he pleaded not guilty to desertion and guilty to non-support. His contention that he was charged with both crimes substantiates Judge Warnken's statement that he was charged with desertion and non-support in separate counts. If the petitioner did not plead guilty to desertion,

this could not be reviewed on *habeas corpus*. *Bowen v. Warden*, 201 Md. 649, 92 A. 2d 384. This goes only to the regularity of the proceedings and not to the jurisdiction of the trial court and cannot be raised on *habeas corpus*. *Selby v. Warden*, 201 Md. 653, 92 A. 2d 756; *Bowen v. Warden*, 202 Md. 646, 96 A. 2d 489; *Spence v. Warden*, 204 Md. 661, 103 A. 2d 345; *Cummings v. Warden*, 206 Md. 637, 111 A. 2d 596; *Medley v. Warden*, 207 Md. 634, 115 A. 2d 287. Furthermore, by Code, 1951, Article 27, Section 96, for desertion or non-support, he could have been sentenced to the Maryland House of Correction for not more than three years. Therefore, the sentence of eighteen months could have been given for non-support as well as for desertion.

The petitioner further contends that there was not sufficient evidence to convict him of desertion. *Habeas corpus* cannot be made to serve the purpose of an appeal to review the question of the guilt or innocence of the petitioner. *Strahl v. Warden*, 202 Md. 655, 97 A. 2d 134; *Friedel v. Warden*, 205 Md. 657, 109 A. 2d 50.

The petitioner also complains that he was not informed, when arrested, of the charge against him. However, he admits that before the trial he was handed a copy of the indictment which showed that he had been indicted for the crime of desertion and non-support. He also claims he was not allowed to prepare his trial or cross-examine his witnesses. This also goes only to the regularity of the proceedings and not to the jurisdiction of the trial court and cannot be raised on *habeas corpus*. *Selby v. Warden, supra; Bowen v. Warden, supra; Spence v. Warden, supra; Cummings v. Warden, supra; Medley v. Warden, supra.*

The petitioner also claims that he was given no preliminary hearing. Failure to hold a preliminary hearing does not vitiate a criminal trial and cannot be raised on *habeas corpus*. *Sykes v. Warden*, 201 Md. 662, 93 A. 2d 549; *Hickman v. Warden*, 203 Md. 668, 99 A. 2d 730.

*Application denied, with costs.*