## YOUNG *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 56, October Term, 1956.]

*Decided February 7, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Collins, J., delivered the opinion of the Court.

This is an application by Thomas W. Young for leave to appeal from the denial of a writ of *habeas corpus* by Chief Judge Emory H. Niles, of the Supreme Bench of Baltimore City, after a hearing held before him on October 23, 1956.

Petitioner was tried on charges of burglary and carrying a deadly weapon and sentenced by Judge Joseph Byrnes to four

years in the Maryland House of Correction from March 20, 1955.

Petitioner contends that he pleaded not guilty and, by a mistake of the clerk of the court, a plea of guilty was entered at the trial before Judge Byrnes. At the hearing on the petition held by Judge Niles, Messrs. Pairo and Murphy, Assistant State's Attorneys, who tried the case for the State, testified that the records in the State's Attorney's Office and the notations which they made on the face of the indictment showed that petitioner pleaded guilty to both charges and, also, that they both remembered that he pleaded guilty. Also, certified copies of the docket entry show that petitioner pleaded guilty to both charges. *Johnson v. Warden,* 209 Md. 643, 120 A. 2d 914; *Pritchard v. Warden,* 209 Md. 662, 121 A. 2d 696.

Petitioner further contends that he requested counsel for his defense and this request was denied by the trial judge. At the hearing before Judge Niles petitioner testified that in 1946 he was sentenced to jail for thirty days. In 1948 he served 150 days in jail for traffic violations. In 1949 he had a year's probation for unauthorized use of an automobile. In 1951 he served eighteen months in the Maryland House of Correction for attempted burglary. Petitioner alleges no facts which would show that any ingredient of unfairness actively operated in the trial which resulted in his confinement. He was experienced in court cases. It is well settled that the Federal Constitution does not compel a state to furnish counsel as a matter of right as is required by the 6th Amendment in federal prosecutions. Lack of counsel at state trials denies federal constitutional protection only when the absence of counsel results in a denial of the essentials of justice to the accused. The burden of showing that want of counsel operated actively as an ingredient of unfairness is on the traverser. There is no such evidence here. *Truelove v. Warden,* 207 Md. 636, 115 A. 2d 297.

Petitioner also alleges that he was denied the right to cross-examine state witnesses. This goes only to the regularity of the proceedings and not to the jurisdiction of the trial court

and cannot be raised on *habeas corpus*. *Pritchard v. Warden, supra.*

Petitioner further contends that he was not allowed to testify in his own defense. This can be raised on appeal but not on *habeas corpus*. *Bowen v. Warden,* 200 Md. 661, 90 A. 2d 174.

*Application denied, with costs.*