## NIBLETT *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 37, September Term, 1959.]

*Decided November 24, 1959.*

590

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Hammond, J., delivered the opinion of the Court.

On December 18, 1958, Paul Niblett was tried, convicted on the basis of his guilty pleas, and sentenced to two eighteen-month consecutive terms in two cases of uttering a forged instrument. He had been charged with both forgery and uttering in each of the two cases but had pleaded not guilty to the forgery charges. He was represented by counsel.

He subsequently filed a petition in *forma pauperis* for relief under the Post Conviction Procedure Act. Code (1959 Cum. Supp.), Art. 27, secs. 645A-645J. The same lawyer who represented him at the trial was appointed in the post conviction case. Judge Henry dismissed the petition after a hearing, and from this dismissal Niblett now seeks leave to appeal.

The petition contains some sweeping characterizations that almost all of his rights were disregarded and that the trial was a "mockery and disgrace," but his main contentions, which are virtually unillumined by further details, are:

1. That he was not represented at the trial by "adequate" counsel.

2. That the facts were misconstrued.

3. That he was held from September 4, 1958, until December 18, 1958, without bond.

4. That he did not receive a preliminary hearing, nor did he waive one.

5. That his arraignment was waived by his counsel without his authority and that petitioner did not know the arraignment was taking place.

6. That the testimony and evidence were not sufficient to support the conviction.

As to the first contention, as Judge Henry observed in his memorandum opinion, counsel was of petitioner's own choosing and, furthermore, nothing shows that petitioner made any complaint at the trial of any inadequacies, of which no specifics

are given in the petition. The second and sixth contentions lack merit since petitioner, who is no stranger to the courts and who was not too dazzled by the proceedings to enter a not guilty plea to the forgeries, pleaded guilty to the crimes for which he was convicted and sentenced. As to the third contention, Judge Henry found that there was no evidence that he offered to give bond, but rather that he could not have given bond if allowed to. He does not allege that the lack of preliminary hearing complained of fourthly was ever preceded by a demand therefor, but even were a demand made, such an allegation of irregularity in preliminary proceedings, like his fifth contention regarding his lack of arraignment, will avail petitioner no more under the Act than in a *habeas corpus* proceeding. *Price v. Warden,* 220 Md. 643, *Culley v. Warden,* 217 Md. 660.

We note that the petition was not verified nor are "[f]acts within the personal knowledge of the petitioner * * * sworn to affirmatively, as true and correct * * *," as required by sec. 645C of the Post Conviction Procedure Act, nor are such facts "set forth separately from other allegations of facts" as required by sec. 645D.

We have decided the application to appeal because the trial court decided the case without insistence on compliance with the statute and because, from the nature of the allegations, it may be inferred that the petitioner did have personal knowledge of their bases. Nevertheless, the trial judges should require counsel who represent post conviction procedure applicants to see that the requirements of secs. 645C and 645D, and also, if applicable sec. 645E of the Act are met, as well as to file amended petitions pursuant to sec. 645F if investigation of the case by the lawyer indicates that manifestly invalid or untenable grounds for relief are included, or that possible valid grounds have been omitted, since the former cannot help the prisoner and unnecessarily and uselessly take the time of the judges, and the latter should be included to protect the applicant from the waiver of any right to relief under sec. 645H—"[a]ll grounds for relief claimed by a petitioner * * * must be raised in his original or amended petition, and any

592

grounds not so raised are waived" (unless they could not reasonably have been raised).

*Application denied.*

[P. C. No. 38, September Term, 1959.]

*Decided November 24, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.