## EVANS *v.* STATE

[No. 60, September Term, 1964.]

*Decided November 13, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Arold H. Ripperger* for the appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, C. J., delivered the opinion of the Court.

The only point raised on this appeal is the alleged inadequacy of counsel who represented the accused at his trial on December 5, 1963. The record shows that this counsel entered his appearance on November 14, 1963, and visited his client on December 3, 1963, at the Baltimore County Jail, where he was held on other charges. At the request of the accused, other counsel was appointed to represent him on motion for new trial, which was denied by the Supreme Bench of Baltimore City. Again at the request of the appellant, still other counsel was appointed to represent him on this appeal.

The appellant urges that his original counsel failed to heed his request to summon certain alibi witnesses. He seeks to support this contention by his own affidavit alone. But the record shows that on motion for new trial his then counsel informed the court that he had "conferred with court-appointed counsel who represented defendant at the trial and it was ascertained that at no time prior to the trial did defendant ever suggest or seek to produce an alibi or alibi witnesses." If this is true the original counsel could hardly be blamed for not summoning them. It appears to be conceded that the accused never communicated his request for witnesses to the trial court at the time of trial.

The case against the accused was supported by his identification by the victim, the admission of the accused to a girl friend, and by the testimony of an accomplice that incriminated the accused. The failure to summon witnesses may have been a matter of trial tactics. *Brown v. State,* 230 Md. 467. It may have been because the witnesses could not be found, or would

not have helped the defense. In any event, we think it is clear that the point cannot be decided on this appeal or on this record. Cf. *Brady v. State,* 222 Md. 442, and *Slack v. Warden,* 222 Md. 626, 630. See also *Sturgis v. State,* 235 Md. 343, 346. Under the circumstances we shall affirm the judgment below, without prejudice to the right to file a petition for post conviction relief, in which the factual questions presented may be decided.

*Judgment affirmed.*