## PATTERSON *v.* STATE

[No. 67, September Term, 1964.]

*Decided December 4, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, MARBURY and OPPENHEIMER, JJ.

*Gilbert A. Hoffman* for the appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *William J. O'Donnell, State's Attorney for Baltimore City* on the brief, for the appellee.

PER CURIAM.

The appellant was charged under two indictments, including counts for breaking a storehouse with intent to steal goods worth $100 or more, and stealing goods worth more than $5. He elected to plead guilty to a count charging him with breaking with intent to steal less than $100, and carrying a concealed weapon. He was sentenced to eighteen months on the one count, and two years on the other, to run consecutively.

The appellant's complaint as to the sentences is unfounded. He received the maximum in each case, but he had a long criminal record. We have repeatedly held that a sentence within the statutory limits is not cruel or unusual. *Gleaton v. State,* 235 Md. 271, 277. It is immaterial that a co-defendant received a shorter sentence. *Reynolds v. Warden,* 229 Md. 623, 626; *Stevens v. State,* 232 Md. 33, 42.

The appellant's complaint as to his representation by counsel is without merit. The record shows that he was fully advised as to the nature of his guilty pleas. *Gleaton v. State, supra.* He argues that if his counsel had told him (and he says he did not) that his arrest was illegal, he would not have pleaded guilty. Of course, we do not know what his lawyer told him. But even if we assume, without deciding, that his arrest was without probable cause and hence illegal, and that the stolen goods and the razor found on the appellant could have been kept out of evidence, that would not prove incompetence on the part of his counsel. There were his own admissions and the admissions of his co-defendant. There was the circumstantial and other evidence of the crimes. If convicted on either the count for breaking with intent to steal goods worth $100 or more, or the count for breaking and stealing goods worth more than $5, he could have been sentenced to ten years. Advice to

plead guilty to the lesser offense may have been sound trial tactics. The maximum sentences could not exceed three and a half years, as he admitted he was informed by his counsel. We cannot find on this record that the representation was so inadequate as to make a farce of the trial. Cf. *Stevens v. State,* 230 Md. 47, 49; *Ogle v. Warden,* 204 A. 2d 179, and *Evans v. State,* 236 Md. 532.

*Judgment affirmed.*