## SWARTZ v. STATE

[No. 125, September Term, 1964.]

*Decided January 6, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Bernard J. Sachs,* with whom were *Francis J. Meagher* and *Goodman, Meagher & Enoch* on the brief, for the appellant.

*Carville M. Downes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *William J. O'Donnell, State's Attorney for Baltimore City,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellant was convicted by Judge Grady, sitting without a jury, of two charges of larceny. On appeal he argues that his arrest was illegal, that photographs of the stolen articles seized from his car at the time of his arrest and an oral confession were improperly admitted into evidence against him, and that the evidence did not establish the corpus delicti and was insufficient to sustain the trial court's finding of guilt.

The arresting officers had been summoned by radio to investigate a breaking into a warehouse at Paca and Pratt Streets in Baltimore. They found two men in the building who fled and were arrested by other policemen outside the building. Two other men escaped and a car was heard hastily leaving the warehouse which had been burglarized of a number of boxes. The police noted that some of the boxes apparently had been removed from a pile which had been systematically arranged outside the building. They drove off in the squad car seeking to

find the automobile that had fled the scene. Six blocks away they saw a car "turn out in front of us rather fast" and observing a box in the trunk (the trunk top being open) immediately thought it was the car for which they were looking, and stopped it.

The box in the trunk was partially open and in it could be seen an air conditioner. On the rear seat were a number of other boxes which contained plumbing fixtures. Not satisfied with the story of the appellant that he was transporting the goods of his employer from one job site to another after midnight, the officers arrested him.

We think the officers had probable cause to believe that the appellant had committed and was in the process of committing a felony, that is, a prior wrongful taking and a present wrongful asportation of goods of a value of $100.00 or more. Inasmuch as the arrest was legal, the use of the goods seized as an incident of that arrest properly were admitted as evidence against the appellant even though, as it turned out, they were not involved in the crime which the police were investigating when the arrest was made. *Braxton v. State,* 234 Md. 1.

When the oral confession of the appellant was offered in evidence, after its voluntariness had been testified to, counsel for the appellant said: "I object to the admission of the statement for the reason it was adduced as a result of an unlawful arrest, so I object on that basis."

The ground of the objection loses all effect since the arrest was legal. It is now argued, although it was not below, that the confession was inadmissible under *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, because it was made when the suspect was not represented by counsel. We have held that the Supreme Court limited the effect of *Escobedo* to the facts before it in that case and that one of those decisive facts was that the accused there had repeatedly and in terms asked to see a previously retained lawyer and had been refused. Here no request for a lawyer whatever was made and *Escobedo,* in our view, does not control. *Bichell v. State,* 235 Md. 395; *Mefford and Blackburn v. State,* 235 Md. 497.

The State's proof as to the ownership and wrongful taking of the air conditioner and plumbing supplies, the photographs

of which were offered in evidence against the appellant as being in his possession when he was arrested, might have been more technically precise than it was, but we find that the testimony was sufficient to have permitted the trier of fact properly to have inferred that the Ingleside Plumbing & Heating Co., a corporation, owned and had at a job site, at which it was a subcontractor, the air conditioner and the plumbing supplies, as well as that these articles had been taken from the site without the knowledge or permission of the officials of the corporation.

*Judgments affirmed.*