## O'CONNOR v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 80, September Term, 1964.]

*Decided March 4, 1965.*

Before Prescott, C. J., and Horney, Sybert, Oppenheimer and Barnes, JJ.

Prescott, C. J., delivered the opinion of the Court.

The petition filed by the applicant below sets forth matters of little, if any, substance. However, the application for leave to appeal must be granted and the case remanded for a *hearing*.

After petition and answer had been filed below, the court appointed a lawyer for petitioner, who is indigent. (Applicant also had another post conviction petition pending in Prince George's County after a conviction there.) The trial judge, unfortunately, did not grant a hearing on the petition, even though he wrote and filed an able and rather lengthy opinion, in which he stated: "Although counsel was appointed to represent the

petitioner in this matter, a hearing was deemed unnecessary. The issues presented to this Court are * * * the same as those raised and presented to the Court of Appeals [*O'Connor v. State*, 234 Md. 459] * * *." It will be noted that no use, or attempted use, was made of the services of the court-appointed counsel; he filed no brief, memorandum of law or request to amend the petition.

Maryland Rule BK44 states that "a hearing on the petition shall be held in the court in which the petition is properly filed." This Rule conforms with former Section 645G of Article 27, which was repealed by the Acts of 1962, ch. 36, § 1. The aim of the Post Conviction Procedure Law was to consolidate in one proceeding all of the possible remedies, beyond those incident to the usual procedures of trial and review, to which a convicted defendant might be entitled in challenging the validity of his sentence. *Brady v. State*, 222 Md. 442. (Because of recent decisions, which are binding upon us, the effectiveness of the law has been greatly impeded.)

As we read the above Rule (and the statute which preceded it), it requires a hearing upon any *first* application for post conviction relief, and the trial court is not empowered to exercise discretion as to whether or not such a hearing should be held. Rule BK42 provides for the appointment of counsel in cases of indigent defendants. Counsel was appointed herein. It is a meaningless gesture to appoint counsel, if that counsel is afforded no opportunity, by suggesting amendments to the petition or otherwise, to assist the applicant. We hold that the applicant herein is entitled to a hearing on his application (it being his first under the conviction here involved), and his counsel is entitled to be present and to be heard. This ruling is bolstered by the clear implication contained in Rule BK48 and Code (1964 Cum. Supp.), Article 27, Section 645H, which state that under certain circumstances petitions, other than the original or amended, may be forthwith dismissed "without a hearing or appointment of counsel." In *Hobbs v. Warden*, 219 Md. 684, we held that a defendant, upon a showing of indigency, was entitled to have counsel appointed for him in a post conviction proceeding, even "where it appears that the appointment of counsel may be un-

necessary or even futile." We think the same rule applies to a "hearing" as provided by Rule BK44.

> *Application for leave to appeal granted, and case remanded for further proceedings.*