## EVANS *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 36, September Term, 1965.]

334

*Decided November 11, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPEN-HEIMER and McWILLIAMS, JJ.

HAMMOND, J., delivered the opinion of the Court.

William Evans, Jr. was arrested, indicted and tried on the charge of attempted robbery with a deadly weapon. He was convicted by the trial court sitting without a jury. His motion for a new trial was denied by the Supreme Bench of Baltimore City, and he was sentenced to a term of twenty years in the Maryland Penitentiary. He then caused an appeal to be taken to the Court of Appeals which affirmed the judgment in *Evans v. State,* 236 Md. 532. At the time of the Court of Appeals decision, Evans had a writ of habeas corpus pending which was eventually denied by Judge Harris in the Baltimore City Court subsequent to the disposition of the appeal. The petitioner now raises four contentions under the Post Conviction Procedure Act.

The first contention is that he was not represented by counsel at his preliminary hearing or when first arraigned. At the hearing of this application for leave to appeal which was held before Judge Prendergast, petitioner testified that he pleaded not guilty at the preliminary hearing and at his arraignment. Such circumstances take this case outside the facts of *White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193 (1963), where the Supreme Court considered the preliminary hearing in Maryland to be a "critical" stage in the proceedings, as defined in *Hamilton v. Alabama,* 368 U. S. 52, 7 L. Ed. 2d 114 (1961), when a guilty plea is entered by the defendant without aid of counsel and evidence of that plea is introduced at the trial. This Court has held that the *White* case does not apply in circum-

stances such as those before us now. See *Mercer v. State,* 237 Md. 479, 485, where the defendant made no plea at the preliminary hearing; and *Fabian v. State,* 235 Md. 306, 319, and *Arrington v. Warden,* 232 Md. 672, 674, where the defendant pleaded not guilty at the preliminary hearing.

Petitioner's second contention alleges that he was not represented by counsel at the time he was sentenced. This claim is without substance. At the hearing, the petitioner admitted that Mr. James A. Ehrhart, his court-appointed trial counsel, was present but asserted that Mr. Ehrhart did nothing on his behalf and that petitioner had to address the court himself. The transcript of the proceedings reveals that this was not the case, and Judge Prendergast found his testimony in this respect to be false.

Petitioner's next contention is that Mr. Ehrhart did an inadequate job of acquainting himself with the case and did not endeavor to gather the facts necessary for adequate representation. In particular, petitioner alleges that Mr. Ehrhart did not comply with his request to summon three alibi witnesses. In so far as these two contentions are treated as separate grounds for post conviction relief, the former cannot be considered because it amounts to no more than a bald allegation with no specific ground to support it and therefore affords no basis for relief. *McCoy v. Warden,* 234 Md. 616.

The specific contention of failure to call witnesses, on the face of it, does present a claim on which relief may be granted. As pointed out in *Hyde v. Warden,* 235 Md. 641, 646, the contention of inadequacy of counsel is no longer limited in our post conviction procedure to allegations of fraud or collusion or when objection or complaint has been made in the trial court. This ground for post conviction relief is, of course, still subject to the provision that the alleged error has not been previously and finally litigated, and this includes the situation where this Court has rendered a decision on the merits of the allegation of error. Code (1965 Supp.), Art. 27, §645A (a) and (b). In petitioner's appeal, reported in 236 Md. 532, the only point raised was the alleged inadequacy of counsel at petitioner's trial and particularly counsel's failure to heed petitioner's request to summon certain alibi witnesses. The Court

stated that the allegation of inadequacy of counsel could not be decided on the basis of the record on appeal. The conviction was affirmed without prejudice to the right to file a petition for post conviction relief in which the factual questions presented could be decided.

At the hearing, Judge Prendergast determined that petitioner had only given the lawyer representing him on appeal the name of one person and that person could not be located. At the hearing, petitioner only furnished the lower court the name of a "Mr. Livingston." Mr. Ehrhart was called to testify at the hearing and he produced his file and all his notes pertaining to the case and testified under oath that when he interviewed petitioner prior to his trial, he did not give him the names of any witnesses to testify on his behalf. The court believed Mr. Ehrhart and found as a fact that the testimony of petitioner as to giving counsel the names of witnesses was not true, nor was it supported by the circumstances surrounding the handling of the case. Other than reiterating his version of the facts, petitioner suggests here no reason why Judge Prendergast's determination was not correct.

Petitioner finally claims that he was not represented by counsel in his motion for a new trial. The facts as found at the hearing do not bear this out. At the conclusion of his trial, petitioner informed the court that he wished to file a motion for a new trial. His court-appointed trial counsel filed the appropriate motion and then withdrew from the case. Judge Sodaro appointed George H. Rosedom, Esquire, to represent him. Mr. Rosedom interviewed his client and prepared and filed a memorandum before the Supreme Bench of Baltimore City on petitioner's behalf. Unfortunately, Mr. Rosedom died suddenly in February 1964 before the petition for new trial was heard. Milton B. Allen, Esquire, in whose office Mr. Rosedom served as a partner, handled the motion for a new trial in place of the deceased.

*Application denied.*