## FERRELL *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 85, September Term, 1965.]

*Decided February 15, 1966.*

Before HAMMOND, HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

BARNES, J., delivered the opinion of the Court.

The applicant, Francis Allen Ferrell, was convicted on May 14, 1963 by a jury verdict in the Circuit Court for Montgomery County. He was found guilty of assault with intent to murder. A motion for a new trial was denied and the applicant was sentenced by Judge Moorman on May 22, 1963 to seven years in the Maryland Penitentiary. The conviction was appealed and affirmed in *Ferrell v. State,* 234 Md. 355, 199 A. 2d 362 (1964). Thereafter, the applicant filed a petition for relief under the Uniform Post Conviction Procedure Act. Relief was denied in a memorandum opinion and order filed on September 27, 1965 by Judge Ralph G. Shure. This application for leave to appeal followed.

The applicant, by court appointed counsel, raised the following contentions at his post conviction hearing in the lower court: 1) that he was held incommunicado for two days by the police, his repeated requests for counsel were denied, he was interrogated and a statement was elicited from him and used against him at his trial; 2) that perjured testimony was used at his trial; and 3) that he was denied procedural due process because, he claims, no preliminary hearing was held.

The applicant has not complied with Maryland Rule BK 46 b in that he failed to state any reasons why Judge Shure's order should be reversed or modified. The application can be dismissed, therefore, on that ground. *Thompson v. Warden,* 237 Md. 655, 207 A. 2d 498 (1965); *Dofflemyer v. Director,* 237 Md. 639, 206 A. 2d 703 (1965); *Ransom v. Warden,* 236 Md. 639, 204 A. 2d 563 (1964). We think, however, that the application for leave to appeal should be denied on the merits of the contentions raised in the lower court.

The applicant admitted at his trial that the statements elic-

ited from him were voluntarily given. Judge Shure, moreover, found as a fact that the applicant made no request for counsel during the period of his interrogation. The statements, therefore, were not inadmissible under the rule of *Escobedo v. Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1963) as having been made when the applicant was not represented by counsel. *Swartz v. State,* 237 Md. 263, 205 A. 2d 803 (1965) ; *Bichell v. State,* 235 Md. 395, 201 A. 2d 800 (1964) ; *Mefford & Blackburn v. State,* 235 Md. 497, 201 A. 2d 824 (1964), cert. den., 380 U. S. 937 (1965). The applicant's conviction became final, moreover, before the decision in *Escobedo* was handed down, and we have recently held that we will not apply *Escobedo* retroactively. *Hyde v. State,* 240 Md. 661, 215 A. 2d 145 (1965).

The applicant's second contention in regard to perjured testimony is equally without merit. One of the State's witnesses gave a false address and occupation upon direct examination. This was corrected upon cross-examination. The applicant alleged that the State "approved" of the witness' falsification. The lower court made no finding whether the State took part in procuring the statement, or knew that it was false.

It seems clear to us that the applicant was in no way prejudiced by the witness' testimony. Contradiction of a witness' testimony on direct examination is the proper province of cross-examination, and the witness' initial falsification, when made known to the jury, discredited the witness in their eyes. See *Mahan v. State,* 172 Md. 373, 191 Atl. 575 (1937). Cf. *Howard v. State,* 234 Md. 410, 199 A. 2d 611 (1964) ; *Kantor v. Ash,* 215 Md. 285, 137 A. 2d 661 (1958).

The facts relating to the applicant's third contention of lack of a preliminary hearing are not entirely clear. The applicant's court appointed counsel maintained that a preliminary hearing was not had so that and as a consequence thereof the applicant was deprived of procedural due process. However, counsel and the assistant State's Attorney for Montgomery County have stipulated that a preliminary hearing was held on November 26, 1962, at Rockville, Md., before Judge J. Graham Walker. Judge Shure stated in his memorandum opinion that the docket entries show that a preliminary hearing was waived by the ap-

plicant. The docket entries, however, are silent as to any reference to a preliminary hearing. Judge Shure further stated that several weeks after his arrest, apparently before he was arraigned and entered a plea of not guilty, the applicant was taken before the People's Court, but no plea was taken and nothing which transpired at that preliminary proceeding was presented against him at his trial. The applicant maintained in his petition for post conviction relief that he was not represented by counsel at a preliminary proceeding before a magistrate. No claim of the lack of a preliminary hearing was made by him in his petition. Nevertheless, assuming the applicant was afforded a preliminary hearing, since no guilty plea was taken at that time and nothing which transpired at such proceeding was introduced against the applicant at his trial, such a hearing was not a "critical" stage in the proceedings as would require representation of the accused by counsel. See *Evans v. Warden,* 240 Md. 333, 214 A. 2d 144 (1965) and cases cited therein.

In the alternative, the failure to hold a preliminary hearing is not a ground for post conviction relief. The purpose of a preliminary hearing and the power of the magistrate conducting it are clearly explained in *Williams v. State,* 214 Md. 143, 154, 132 A. 2d 605 (1957), where Judge Collins, speaking for this Court, said:

> "* * * [T]he purpose of a preliminary hearing before the magistrate is for the purpose of determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for appearance before the grand jury, subject to bail under certain circumstances, or discharge him. That hearing is primarily for the benefit of the accused, insuring him against being committed for action by the grand jury on charges which are groundless."

We have repeatedly held in habeas corpus cases that a preliminary hearing is not necessary before a valid indictment can be obtained. *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549 (1953); *Cave v. Superintendent,* 198 Md. 675, 81 A. 2d 461 (1951); *Hartnett v. Warden,* 194 Md. 727, 71 A. 2d 303 (1950); *San-*

*ner v. Warden,* 191 Md. 743, 59 A. 2d 762 (1948). Nor does the lack of such a hearing vitiate a criminal trial. *Pritchard v. Warden,* 209 Md. 662, 121 A. 2d 696 (1956). *Niblett v. Warden,* 221 Md. 588, 155 A. 2d 659 (1959) holds that the claim of lack of a preliminary hearing, if demanded, is no ground for post conviction relief under the Uniform Post Conviction Procedure Act. A preliminary hearing, relating as it does only to the legality of an accused's detention before his indictment, is not a necessary proceeding in obtaining a valid conviction.

*Application denied.*