## JOHNSON v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 113, September Term, 1965.]

*Decided September 9, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Petitioner, having filed a petition under the Post Conviction
Procedure Act in the Criminal Court of Baltimore, was given
a hearing before Judge Grady on 8 September 1965, at which
time he was represented by counsel, appeared and testified. His
petition was denied in a memorandum and order filed 27 Oc-
tober 1965.

This application, filed 14 December 1965, could be dismissed
on the ground that applicant has not complied with Maryland
Rule BK 46 in that he has failed to state any reasons why
Judge Grady's order should be reversed or modified. *Ferrell
v. Warden,* 241 Md. 432, 216 A. 2d 740 (1966). We think,
however, that the application for leave to appeal should be de-
nied on the merits of the contentions raised in the lower court.

In the court below, the applicant sought relief on the follow-
ing grounds:

1. His arrest was illegal.
2. He was in jail for 24 hours without being charged.
3. He was denied a preliminary hearing.
4. He was denied the right to bail.
5. A confession was forcibly obtained from him.
6. The state summoned only one of the two eye-wit-
nesses of whom it had knowledge.
7. The state failed to inform the court of all the
evidence at its disposal.
8. The court improperly accepted pictures of scenes

of the alleged crimes in lieu of granting defendant's motion to view the locality.

9. The evidence presented by the state was insufficient to convict.

We find no merit in any of the above contentions. His first contention affords him no relief since he does not claim to have been prejudiced in any way by the illegal arrest. *Thornton v. Warden,* 241 Md. 715, 216 A. 2d 894 (1966). The same may be said of his allegation (2) of illegal detention. See *Cowans & Hayes v. State,* 238 Md. 433, 209 A. 2d 552 (1965) ; *Bean v. State,* 234 Md. 432, 444, 199 A. 2d 773 (1964). Allegation (3) is unavailing in light of Judge Grady's finding that he actually had a preliminary hearing. In any event, lack of a preliminary hearing is not a ground for post conviction relief. *Ferrell v. Warden,* 241 Md. 432, 216 A. 2d 740 (1966). Nor is the denial of bail (4) a ground for post conviction relief, *Thornton v. Warden, supra,* or questions of guilt or innocence and the sufficiency of the evidence (6, 9), *Thornton v. Warden, supra.* Contention (8) also involves the sufficiency of the evidence but we note in passing that the question whether or not to view a locality is one for the trial court's discretion. 89 C.J.S., *Trial,* § 588 (1955). There is no evidence that that discretion was abused.

Applicant claims (5) that he was the victim of an involuntary confession, but Judge Grady found that it was voluntary and we see no reason to disturb that finding. Contention (7) is a bare allegation without supporting facts. *Hamm v. Warden,* 238 Md. 633, 209 A. 2d 785 (1965).

*Application denied.*