## SZUKIEWICZ *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 76, October Term, 1956.]

638

*Decided May 3, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus.*

Petitioner was convicted of murder in the first degree and sentenced to life imprisonment in the Maryland Penitentiary by Judge Sherbow in the Criminal Court of Baltimore City on May 29, 1947. He was represented by counsel, Mr. Marion A. Figinski, at the trial. He has made two previous applications for the writ to the United States District Court, one to the Circuit Court for Howard County, one to Judge France, and one to Judge Carter in Baltimore, all of which were denied. We are unable to locate any former appeal to this Court.

Immediately prior to the trial petitioner entered a plea of not guilty and was tried by the court without a jury. He contends that no preliminary hearing was held. This cannot be raised on *habeas corpus*. *Pritchard v. Warden*, 209 Md. 662, 121 A. 2d 696. He claims that he was held in jail an unreasonable time before trial. After trial and conviction the extent or legality of initial detention cannot be raised on *habeas corpus*. *Wagner v. Warden*, 205 Md. 648, 109 A. 2d 118, and cases there cited. He further claims that he was not given any information regarding the charge against him. He was represented by competent counsel who must have known the charge. However, this allegation goes only to the regularity of the proceedings and not to the jurisdiction of the trial court and cannot be raised on *habeas corpus*. *Pritchard v. Warden, supra.*

Petitioner also claims that he was denied arraignment. This cannot be raised on *habeas corpus*. *Wilhelm v. Warden*, 209 Md. 624, 120 A. 2d 195. He complains that the State witnesses and eyewitnesses were not produced to testify. He does not allege that he was denied the right to call witnesses in his own behalf. *Walker v. Warden*, 198 Md. 653, 80 A. 2d 614.

Petitioner further states that he could not speak English and he accepted Mr. Figinski as his attorney because he spoke Polish and that he did not properly represent him. If petitioner did not speak English it is evident that he has no way of judging whether his attorney properly represented him or not. If he did think that he was not being properly represented, he does not allege that he complained to the court.

Petitioner further states that he was under the impression that the prosecuting attorney connived with his attorney. Mere allegation of collusion, which is not supported by facts, will not avail on *habeas corpus* nor will the statement of incompetency or lack of interest of counsel when it is shown that the appellant had the opportunity to complain to the court and did not do so. *Roberts v. Warden*, 206 Md. 246, 111 A. 2d 597, and cases there cited. He further claims that the prosecuting attorney made untrue statements about him, that the State proved its case by perjury and discrimination,

and that there was not sufficient evidence to convict him of murder in the first degree. This goes to the sufficiency of the evidence and cannot be raised on *habeas corpus*. *Walker v. Warden,* 210 Md. 654, 123 A. 2d 447. Petitioner also claims that the trial court resorted to trickery to convict him. He alleges no facts to support this allegation. *Thanos v. Supt.,* 204 Md. 665, 104 A. 2d 926; *Bergen v. Warden,* 201 Md. 641, 92 A. 2d 380.

Petitioner further claims that he could not speak English, that no interpreter was furnished until the trial was begun, and that, among strange and unfriendly people, it was impossible to receive a fair trial. This man is Polish and he states that Mr. Figinski spoke Polish. The transcript of the criminal trial shows the following:

"THE COURT: Does this man need an interpreter?

MR. FIGINSKI: Your Honor, we have one here, but I think he can get along.

THE COURT: He understands that his plea is not guilty and his election is a Court trial? There are two additional pleas, you call them issues but they are to the same effect, whether or not he was sane at the time of the commission of this homicide and whether or not he is sane now.

MR. FIGINSKI: I explained that to him yesterday. He knows about it.

THE COURT: Very well, proceed, gentlemen. * * *

THE COURT: Under the law and under the facts in this case, I find you guilty of murder in the first degree without capital punishment. There is only one sentence I can impose. I shall defer the sentence to give counsel an opportunity to make their decision as to whether or not they want to file a motion for a new trial.

I find you sane at the time of the commission of the offense and I find you sane now."

*Application denied, with costs.*

[H. C. No. 77, October Term, 1956.]

*Decided May 3, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.