533 A.2d 320

**James E. SMITH**

v.

**STATE of Maryland.**

**No. 341, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Nov. 13, 1987.

Certiorari Denied Feb. 24, 1988.

Alan J. Goldstein, Greenbelt, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Frank Weathersbee, Asst. State's Atty. for Anne Arundel County, on the brief, Annapolis), for appellee.

Argued before MOYLAN, KARWACKI and POLLITT, JJ.

KARWACKI, Judge.

On May 3, 1982, James E. Smith, the appellant, appeared before the District Court of Maryland for Anne Arundel County for the trial of criminal charges that on December 19, 1981, he had violated Md.Code (1977, 1982 Cum.Supp.), § 21–902 of the Transportation Article by driving or attempting to drive a motor vehicle while intoxicated (§ 21–902(a)), or while under the influence of alcohol (§ 21–902(b)), or while under the influence of a drug, any combination of

drugs, or a combination of one or more drugs and alcohol (§ 21–902(c)). Appellant pleaded guilty to driving under the influence of alcohol (§ 21–902(b)) and was fined $250.00.

On March 3, 1986, appellant filed in the Circuit Court for Anne Arundel County a petition for a writ of certiorari which alleged that the District Court acted in excess of its jurisdiction when it convicted him in 1982 because he was at no time advised of and therefore did not waive his right to a jury trial. The Circuit Court issued the writ, which ordered the District Court to produce the record of the proceedings with regard to the 1982 conviction. The District Court produced the docket entries of the appellant's 1982 conviction, but could not produce the audio tape of the proceedings because it had been destroyed.[1] The docket entries of the District Court did not, however, reflect whether the appellant had been advised of his right to a jury trial on the charges. After conducting a hearing, Circuit Court Judge Martin A. Wolff quashed the writ of certiorari, ruling that the District Court was vested with jurisdiction over the 1982 proceedings. We agree with his conclusion and affirm.

Appellant's assertion that the District Court lacked jurisdiction is structured as follows. He posits that since he was charged with driving while intoxicated as well as with driving under the influence of alcohol, the District Court's jurisdiction to conduct any proceedings on these charges was conditioned upon the court advising him that he was entitled to pray a jury trial on the charges. Had he demanded a jury trial, the charges of violating § 21–902(b) and § 21–902(c) would have been transferred to the Circuit Court for trial by jury along with the charge of driving

---

1. M.D.R. 1299d.4 provides:
   (ii) In any criminal case in which judgment is entered or probation before judgment is granted, the clerk shall retain all original papers, exhibits, and electronic recordings of testimony for a period of three years after the case is so concluded, and if within that three year period the defendant fails to comply with the order of court, the clerk shall continue to retain the original papers and exhibits in the file until the failure is cured or an arrest warrant issued as a result of the failure is invalidated as permitted by law.

while intoxicated (§ 21–902(a)), because the charge of driving while intoxicated provided for a possible penalty in excess of three months' imprisonment. Md.Code (1974, 1981 Cum. Supp.) § 4–302(e) of the Courts and Judicial Proceedings Article; *Thompson v. State,* 278 Md. 41, 46–47, 359 A.2d 203 (1976). He then reasons that because the records of the proceedings on May 3, 1982, which were available 46 months later, failed to reveal that he was so advised, the court's jurisdiction was not established and any proceedings which it conducted with regard to any of the charges pending against him were a nullity. We reject this rather novel proposition for two reasons. First, it ignores the distinction between the fundamental jurisdiction of a court—the power to act with regard to a subject matter which is conferred by the sovereign authority which organizes the court, *Pulley v. State,* 287 Md. 406, 416, 412 A.2d 1244 (1980), and the exercise by a court of its fundamental jurisdiction. Second, it misconstrues the fundamental jurisdiction of the District Court to adjudicate a charge of a crime punishable by imprisonment in excess of three months.

Because appellant was an adult over the age of sixteen charged with a violation of the vehicle laws, exclusive original jurisdiction over the criminal charges pending against him was vested in the District Court by Maryland Code, *supra,* § 4–301(a) of the Courts and Judicial Proceedings Article. This jurisdiction was subject to 4–302(d) of the Courts and Judicial Proceedings Article which provided in relevant part:

(d) Jury trial.—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

(2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

The effect of these provisions was to vest in the District Court jurisdiction over crimes described in § 4–301 which provided for a penalty in excess of three months' imprisonment unless the accused demanded his right to a jury trial. *State v. Huebner,* 305 Md. 601, 610, 505 A.2d 1331 (1986). Where the accused made no such demand, the District Court's jurisdiction was not divested.

This legislative design of the jurisdiction of the District Court is unlike the statutes that conferred upon justices of the peace jurisdiction to try charges of assault and battery, which were before the Court of Appeals in *State v. Stafford,* 160 Md. 385, 153 A. 77 (1931); and *Baum v. Warden of Jail,* 110 Md. 579, 73 A. 294 (1909). Those statutes required as a *condition precedent* to jurisdiction vesting in the justice of the peace that there was a knowing and voluntary waiver of trial by jury by the accused.

▆▆▆▆ The appellant responds to this distinction between the present legislation conferring criminal jurisdiction upon the District Court and the statutes involved in *Stafford* and *Baum* by pointing to Md.District Rule 751, which was in effect at the time of his trial:

> At the commencement of a trial, the court shall (a) make certain the defendant has been provided a copy of the charging document; (b) inform the defendant of each offense with which he is charged; (c) inform the defendant when applicable, of his right to trial by jury; and (d) thereafter, call upon the defendant to plead to each charge.[2]

He suggests that this direction to the judges of the District Court prevented the jurisdiction of the District Court from vesting until he was informed of his right to jury trial on the charges pending against him and affirmatively waived that right. The short answer to this contention is that the Md.Rules, to which the Md.District Rules were added on January 26, 1972, expressly provided at the time of appel-

---

**2.** This rule has now been incorporated into Maryland Rule 4–301.

lant's trial: "These Rules shall not be construed to extend, limit, or affect the jurisdiction of any court." Md.Rule 1(i) [presently Md.Rule 1–201(b)]. *Cf. Pollokoff v. Maryland Nat'l Bank*, 288 Md. 485, 488–89, 418 A.2d 1201 (1980). Consequently, the fundamental jurisdiction of the District Court to hear the criminal charges pending against the appellant would not have been affected by that court's failure to comply with Md.District Rule 751. Such error, if in fact it did occur, was one of procedure in the court's exercise of its jurisdiction which could have been corrected on direct appeal by the appellant from his conviction and sentence on May 3, 1982. It was not a proper subject for review by writ of certiorari, which is a writ issued by a circuit court for the limited purpose of determining whether an inferior tribunal has acted without fundamental jurisdiction. Md.Rules K41–48; *State v. Huebner, supra; Fisher v. State*, 305 Md. 357, 504 A.2d 626 (1986); *Kawamura v. State*, 299 Md. 276, 283–85, 473 A.2d 438 (1984); *Weed v. Lewis*, 80 Md. 126, 128, 30 A. 610 (1894); *Kane v. State*, 70 Md. 546, 552, 17 A. 557 (1889); *Vonoppenfeld v. State*, 53 Md.App. 462, 470–73, 454 A.2d 402 (1983).

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.