597 A.2d 479

**Wilbert POWELL, Jr.**

v.

**STATE of Maryland.**

**No. 10, Sept. Term, 1991.**

Court of Appeals of Maryland.

Oct. 30, 1991.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, José Felipé Anderson, Asst. Public Defender, on brief), Baltimore, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

This case presents two questions for our resolution, namely, whether the failure to hold, or waive, a preliminary hearing is jurisdictional and whether, under the facts *sub judice*, hearsay evidence should have been admitted. When it addressed these issues, the Court of Special Appeals answered both questions in the negative. *Powell v. State*, 85 Md.App. 330, 583 A.2d 1114 (1991). We will do likewise.

1

Wilbert Powell, Jr., petitioner, was arrested and charged, by way of Statement of Charges, filed in the District Court of Maryland, sitting in Anne Arundel County, *see* Maryland Rule 4–211, with having "feloniously, willfully[,] deliberately[,] and maliciously" murdered Donald Jackson, the victim. At the petitioner's request, a preliminary hearing was held, at which probable cause to believe petitioner committed the offense was found. Thereafter, a criminal information was

filed in the Circuit Court for Anne Arundel County. In addition to murder the information charged armed robbery, attempted armed robbery, robbery, assault with intent to rob, theft, attempted theft, assault and battery, and assault. Notwithstanding that three of these charges were felonies not within the jurisdiction of the District Court, no other preliminary hearing was held and, insofar as the record reflects, none was requested. Explaining the latter, petitioner asserts that he was never advised that he had a right to a preliminary hearing in regard to the three subsequently charged felonies.[1]

Petitioner was tried by jury. At the conclusion of trial, he was convicted of all the charges except murder. The court sentenced him to 15 years imprisonment for the armed robbery conviction and merged the others into it. Petitioner appealed to the Court of Special Appeals, which, as we have seen, affirmed. We issued the writ of certiorari to consider the important issues raised by petitioner. 322 Md. 644, 589 A.2d 73.

### 2

■ Relying on Maryland Rule 4–201(c) [2] and Maryland Rule 4–213(a)(4) [3], petitioner argues that the circuit court

---

1. *See* Maryland Rule 4–221, Preliminary Hearing in District Court, and Maryland Code Ann. art. 27 § 592 (1957, 1987 Repl.Vol.).

2. Maryland Rule 4–201(c) provides:
   (c) *In the circuit court.*—In the circuit court, an offense may be tried
   (1) on an indictment, or
   (2) on an information if the offense is (A) a misdemeanor, or (B) a felony within the jurisdiction of the District Court, or (C) any other felony and lesser included offense if the defendant has been charged with the felony and a preliminary hearing pursuant to Rule 4–221 has resulted in a finding of probable cause, or if the defendant has been charged with the felony as to which a preliminary hearing has been waived, or
   (3) on a charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court.

3. Maryland Rule 4–213(a)(4) provides:

lacked jurisdiction to try him for armed robbery, robbery or assault with intent to rob. He asserts that which is necessarily conceded, namely that no preliminary hearing was separately held for those charges and, further, that, never having been advised of the right to it, he never expressly waived the hearing.

Rather than relying on a defective charging document, petitioner relies on the wording of Rule 4–201(c), particularly the introductory phrase, "In the circuit court, an offense may be tried." He argues:

> Clearly, a court which may not try an offense has no jurisdiction. What is at stake is not a defect in the charging document but rather the question of whether the court may try an offense other than under the authority provided by statute [4] and rule. If the means for

*Advice of Preliminary Hearing.* When a defendant has been charged with a felony that is not within the jurisdiction of the District Court and has not been indicted, the judicial officer shall advise the defendant of the right to have a preliminary hearing by a request made then or within ten days thereafter and that failure to make a timely request will result in the waiver of a preliminary hearing. If the defendant then requests a preliminary hearing, the judicial officer may either set its date and time or notify defendant that the clerk will do so.

4. Presumably, the statute to which petitioner refers is Maryland Code Ann. art. 27 § 592, which provides:

(a) In all cases involving a felony, other than a felony within the jurisdiction of the District Court, in which the accused has not requested a preliminary hearing within ten days after being informed by the court or court commissioner of the availability of such a hearing, or in all cases in which a preliminary hearing has been held and probable cause to hold the accused has been found, the State's Attorney may charge by information.

(b)(1) In any case where the defendant has been charged with a felony, other than a felony within the jurisdiction of the District Court, the defendant shall be advised by the court or court commissioner, at the time of the initial appearance required by the Maryland District Rules, of his right to request a preliminary hearing. The defendant may make that request at the time of the initial appearance or at any time within ten days thereafter. If the defendant fails to request a preliminary hearing within the ten-day period it is waived.

permitting trial by information are not followed, the court has no authority to try a case without an indictment. (Citations omitted)

Petitioner's brief at 6–7.

Petitioner's position is quite simple. The circuit court, he maintains, never acquires jurisdiction over a case which is initially filed in the District Court and in which one of the charges is a felony not within the District Court's jurisdiction, until the defendant waives a preliminary hearing or a preliminary hearing is held. Whether a waiver has occurred depends, petitioner asserts, on the accused having been advised of the right to one, which the record must reflect. He maintains that there can be no waiver by inaction.

Petitioner interprets Rules 4–201(c) and 4–213(a)(4) as affecting the circuit court's fundamental jurisdiction, that is, its "power to act with regard to a subject matter which 'is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred.' " *Pulley v. State,* 287 Md. 406, 416, 412 A.2d 1244, 1249 (1980), quoting *Cooper v. Reynolds, Lessee,* 77 U.S. (10 Wall) 308, 316, 19 L.Ed. 931 (1870). *See First Federated, Com. Tr. v. Commissioner,* 272 Md. 329, 335, 322 A.2d 539, 543 (1974) ("If by that law which defines the authority of the court, a judicial body is given the power to render a judgment over that class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction."); *Stewart v. State,* 287 Md. 524, 526–27, 413 A.2d 1337, 1338 (1980).

---

(2) If the State's Attorney elects to charge the accused by criminal information, the right of the defendant to the preliminary hearing is absolute, if he has requested such a hearing as set out above. (3) If the State's Attorney elects to charge the accused by grand jury indictment, the preliminary hearing is not a matter of right to the defendant but may be afforded in the court's discretion. A preliminary hearing is not a matter of right in any other case, but may be afforded in any case in the court's discretion, upon motion of the State's Attorney or the defendant.

Circuit courts of this state, including the Circuit Court for Anne Arundel County, derive their jurisdiction from Maryland Constitution, Art. IV, § 20. They are courts of original general jurisdiction, *see Birchead v. State*, 317 Md. 691, 697, 566 A.2d 488, 491 (1989), *First Federated Com. Tr.*, 272 Md. at 335, 322 A.2d at 543, authorized to hear all actions and causes, other than those particularly prescribed by statute or constitutional provision for other fora. *Id.* More particularly, pursuant to Maryland Cts. & Jud.Proc. Code Ann. § 1–501 (1973), 1989 Repl.Vol.), they are

the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal.

The felonies as to which petitioner complains he did not receive a preliminary hearing are either common-law—armed robbery and robbery, *see Whack v. State*, 288 Md. 137, 140–41, 416 A.2d 265, 266–67 (1980), *appeal dismissed*, 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981)—or statutory—assault with intent to rob, *see* Maryland Code Ann. art. 27 § 12 (1957, 1987 Repl.Vol.). All are within the fundamental jurisdiction of the circuit courts. Section 592 and Maryland Rules 4–201(c) and 4–213(a)(4) address a procedural matter: the regulation of the movement of cases from the District Court, in which the preliminary hearing process is lodged, to the circuit court; they do not control the fundamental jurisdiction of the circuit courts. Thus, we have frequently refused to overturn convictions for failure to hold preliminary hearings. *See Ferrell v. Warden*, 241 Md. 432, 435–436, 216 A.2d 740, 743 (1965); *Petrey v. State*, 239 Md. 601, 603, 212 A.2d 277, 279 (1964); *Hardesty v. State*, 223 Md. 559, 563, 165 A.2d 761, 763 (1960); *Pritchard v. Warden*, 209 Md. 662, 664, 121 A.2d 696, 698 (1955).

Petitioner's argument based on the failure to advise him of the right to a preliminary hearing on the added felony charges is likewise meritless. In *Smith v. State,* 73 Md. App. 156, 533 A.2d 320, *cert. denied,* 311 Md. 719, 537 A.2d 273 (1988), the defendant was tried and convicted in the District Court of driving under the influence of alcohol. His appeal to the circuit court alleged that the District Court did not have jurisdiction to try him because he was not advised of the right and, so, did not waive a jury trial. Judge Karwacki, then a judge of the Court of Special Appeals, speaking for the court, rejected that argument, observing:

> The fundamental jurisdiction of the District Court to hear the criminal charges pending against the appellant would not have been affected by the court's failure to comply with Md. District Rule 751. Such error, if in fact it did occur, was one of procedure in the court's exercise of its jurisdiction which could have been corrected on direct appeal....

73 Md.App. at 161, 533 A.2d at 322. Rule 751 required that, "At the commencement of a trial a court shall ... (c) inform the defendant when applicable, of his right to trial by jury...." That rationale applies equally to the case *sub judice.*[5]

---

**5.** Attached to the Statement of Charges charging petitioner with murder was a statement of probable cause detailing the facts upon which that charge was predicated. Specifically, it alleged that the victim was stabbed and strangled to death and that, although the victim had been paid on the day of the murder and had $120.00 on his person that evening, his wallet was empty when found at the crime scene. In addition, witness statements indicated that petitioner and the victim had engaged in an altercation resulting from the victim's refusal of petitioner's request for money. From this one may infer that felony-murder, not premeditated murder, was the theory pursued at the preliminary hearing.

Two of the felonies added when the criminal information was filed—armed robbery and robbery—are actually lesser included offenses of felony-murder under the facts alleged. *See* Maryland Code Ann. art. 27, § 410 (1957, 1987 Repl.Vol.). The other—assault with intent to murder—, although not a lesser included offense, is subsumed, under the facts alleged, within the felony-murder charge. *See*

3

At trial, petitioner called Jerome Thomas as a defense witness and questioned him concerning his contact, shortly after the murder, with one Uggy Wright. In response to a question by defense counsel concerning who Uggy Wright is, the witness stated, "A gentleman that apparently had something to do with it, from his say so." The prosecutor's objection and motion to strike was sustained by the court. Thereafter, at a bench conference, defense counsel made the following proffer:

MS. NORTH: I would call the court's attention to the case, *Foster vs. State,* [297 Md. 191, 464 A.2d 986 (1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984).] *Foster vs. State* was also a murder case. *Foster vs. State* among other things, discusses that you cannot use the Hearsay Rule, first of all it's discretion, but you cannot use the Hearsay Rule to the point where it does not allow person to have a fair trial. In this case there were two types of hearsay and one of them was like ours. The other one was where a friend of the victim was telling the Court about statements made by the deceased. They ruled that should have been allowed in. The trial court did not allow it in, they said in a murder charge you can't use the Hearsay Rule to deny him a fair trial. Second type of hearsay in this case, Your Honor, is the type we're using right here. And, in addition to that, Your Honor, this is not hearsay. If, Your Honor, would let me ask the next question you'll see that I am not offering this to show the truth of what was said, but only

---

*Brooks v. State,* 2 Md.App. 291, 296, 234 A.2d 467, 470, *cert. denied,* 248 Md. 733 (1968) (An assault with intent to rob may also be an attempted robbery within the meaning of § 410). Petitioner does not challenge either premise. Accordingly, since only one criminal information was filed and it was filed on March 23, 1989, after the preliminary hearing had been held, not on February 23, as the Court of Special Appeals' opinion states, it is, at least, arguable that petitioner received the only preliminary hearing to which he was entitled. *See* Maryland Rule 4–201(c)(2) (referring to "felony and lesser included offense") and § 592, which speaks to "cases" rather than "charges."

to show that some person had knowledge of the crime. And, that's the reason ...

THE COURT: Who had knowledge of the crime?

MS. NORTH: Uggy Wright. I'm not offering it to show the statements made by Uggy Wright were truthful or that they were in fact true, but that he had knowledge of the crime. He came up to this man and told him things that would clearly tell him that Uggy Wright had knowledge of the crime. Now, obviously the only way he'd have knowledge of the crime, Your Honor, is if he were there or saw it. And, this case says that the hearsay should have been admitted in this case. It was a murder case also.

To the court's inquiry as to what made the statement trustworthy, she responded:

Well, first of all he doesn't even know Nick Powell, except he knows who he is. He has nothing to gain by coming in here and saying this. He simply comes in because he told me about an incident where he was at the Starting Gate Liquor Store, he was reading the paper, they started talking about this case. And, Uggy Wright starts telling him stuff about how, since they have Nick Powell for this he doesn't have to worry, how, he wanted to know if any cops had been looking for him all this such thing.

Aside from the fact that the answer appears to be non-responsive—addressing the trustworthiness of Thomas's testimony, rather than Uggy Wright's statement—that reference is as specific a proffer as counsel ever made as to what Thomas would have testified that Uggy Wright said. Relying on this proffer and an earlier one made before trial, petitioner argues that the refusal to allow Thomas to testify concerning what Uggy Wright told him was reversible error.[6] We are not persuaded.

---

6. Below petitioner argued, as an alternative, that Uggy Wright's statements were not hearsay since they had relevance only to show that Uggy Wright had knowledge of the crime. The Court of Special

Before trial, in order to preserve the record for a possible new trial motion, defense counsel placed the following on the record:

> MS. NORTH: Your Honor, some time ago, I believe maybe two and a half weeks ago I contacted Mr. Paone [prosecutor] because in this case I have done my own investigation, which has taken place over many months. At three or four separate times, Your Honor, three people have independently of each other told me the same thing in my investigation, And, that was that a third party named, Uggy Wright, alias, Alan Wright, who I'm not sure if, Your Honor, sentenced him.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> His real name is Alan Wright. I want the record to reflect that I have communicated all this to Mr. Paone. That that person did work on the racetrack at the time. All three of these people indicated that Mr. Wright was the person who did it. And, one person has indicated that Mr. Wright himself told him that he did it. And, he should probably get out of town.

When she proffered Thomas's testimony at trial, defense counsel pointedly did not say Thomas would testify that Uggy Wright admitted committing the murder; rather, she made clear that Thomas would never say that Uggy Wright committed the crime. Indeed, when the court asked what corroborated the statement, as *Foster v. State,* 297 Md. 191, 464 A.2d 986 (1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984) required, all counsel said was:

> No, that's why I am saying it's not hearsay. He's not coming in here saying Uggy Wright committed the crime, he doesn't know who committed the crime. The important point is he should be able to come in here and tell us that another person had knowledge of the crime. You heard Dr. Kaplan, he said he definitely didn't rule out the

Appeals rejected that argument and petitioner has not presented it to us. Therefore, we need not address it.

possibility that more than one person participated in this. So, clearly, Your Honor, that is very important. . . .

At trial, rather than all three witnesses mentioned in the pretrial proffer, defense counsel called only Thomas and proffered that he would not say that Uggy Wright admitted committing the crime. Accordingly, notwithstanding petitioner's invitation that we do so, we find no connection between the pretrial proffer and that made during Thomas's examination. Indeed, it is patent that it is the latter proffer that we must accept.

Petitioner's argument is similar to that successfully made in *Foster, supra.* In *Foster,* we applied the rule, enunciated in *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) and *Green v. Georgia,* 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738 (1979), that "rules of evidence could not be applied if, under the facts and circumstances of the particular case, their application deprived the accused of a fair trial." 297 Md. at 207, 464 A.2d at 995. There, the accused defended a murder charge by alleging that it was her husband and daughter who killed the victim; thus, credibility was the critical issue in the case. To support her claim, the accused sought admission of a statement, made by the victim to a friend, to the effect that her husband had threatened to kill the victim. Moreover, the record reflected that her husband had confessed to committing the murder, not once, but twice, once in a letter to the accused and again in a letter addressed to "Attorney General, Cecil County, MD." In the latter, he not only confessed but described in detail the circumstances surrounding the murder. Although the ground advanced by the accused in *Foster* did not command a majority, we reversed the judgment of conviction, holding that both the victim's statement and the accused's husband's threat should have been admitted.

After determining that "the proffered testimony that the accused's husband had threatened to kill the victim", *id.,* was relevant to the guilt or innocence of the accused, we addressed its trustworthiness:

The husband's threat was made spontaneously during an argument with the victim over the payment of rent, and was a statement against interest. The victim's extrajudicial statement was made spontaneously at a time when she was excited, and under circumstances in which she had no reason to lie. Additionally, her extrajudicial statement was made shortly before the murder to a close acquaintance with whom she had previously exchanged information about tenants. Both the accused's husband's threat and the victim's extrajudicial statement were corroborated by other evidence—the accused's husband's two written confessions, the accused's testimony that her husband was present at the time of the commission of the crime, and the accused's husband's testimony that he cleaned up the room in which the murder took place, removed and disposed of the body, and shared in the proceeds of the robbery. Finally, if there was any question about the reliability of either the husband's or the victim's extrajudicial statements, the accused's husband was present in the courtroom, under oath, and was available for cross-examination by the State before the jury. Thus, the testimony rejected by the trial court bore persuasive assurances of trustworthiness.

297 Md. at 211–212, 464 A.2d at 997. *See also Chambers,* 410 U.S. at 298–99, 93 S.Ct. at 1047–48, 35 L.Ed.2d at 310–11.[7]

---

**7.** In *Chambers,* the defendant defended by attempting to prove that another person killed the victim. Application of the Mississippi voucher rule prevented him from cross-examining that person, McDonald, whom he was required to call as his witness when the State did not call him as a witness. Furthermore, because of the hearsay rule and the fact that Mississippi did not recognize declarations against penal interest, he was not permitted to call three witnesses to whom McDonald had orally confessed to having shot the victim. Reversing, the Court noted the following factors as indicating that the proffered hearsay statements of the three witnesses should have been admitted: McDonald had given a sworn statement (which he later repudiated) to the defendant's lawyer; he had orally confessed to friends on three separate occasions; testimony of an eyewitness that McDonald had a gun prior to the shooting; that at one time McDonald

In the case *sub judice*, Uggy Wright did not make an extrajudicial confession. The best we can say is that, as defense counsel argued at trial, Uggy Wright might have had some knowledge of the crime. Thus, because they do not tend to negate petitioner's criminal agency, the statements attributed to Uggy Wright are not critical to petitioner's defense. Moreover, there is no corroboration that Uggy Wright participated in the crime or was at or near the scene, at or about the time the murder occurred. Furthermore, the trial court specifically determined that the statements were not trustworthy. That factual issue is, in the first instance, properly entrusted to the trial court. *See Brady v. State.* 226 Md. 422, 429, 174 A.2d 167, 171 (1963). We perceive no error in that regard. Finally, Uggy Wright was not available to testify under oath, the reasons for which petitioner did not explain. Therefore, under the circumstances of this case, "the hearsay testimony proffered in this case [being] neither 'critical' nor particularly 'reliable,' " *Powell*, 85 Md.App. at 343, 583 A.2d at 1120, was properly excluded.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY PETITIONER.

owned the same caliber revolver and later purchased a new one; McDonald's declarations against penal interest; and his presence in court to testify under oath.