*State of Maryland v. Tyler Allen Mailloux*, No. 1203, September Term, 2023. Opinion by Tang, J.

**CRIMINAL LAW – JURISDICTION – JURISDICTION OF OFFENSE**

District Court and circuit court have concurrent jurisdiction over violations of the hit-and-run statute resulting in serious bodily injury or death because (1) the offenses meet the penalty thresholds of confinement for 3 years or more or a fine of $2,500 or more, and (2) some are felony violations under that statute. Md. Code Ann., Cts. & Jud. Proc. ("CJP") §§ 4-301, 4-302(d)(1), Md. Code Ann., Trans. Art. ("TA") §§ 20-102, 27-101.

**CRIMINAL LAW – JURISDICTION – LOSS OR DIVESTITURE OF JURISDICTION**

When the State filed a criminal information in the circuit court charging the defendant with violations of the hit-and-run statute under TA § 20-102, along with other misdemeanor traffic offenses that undisputedly arose out of the same circumstances, the District Court was divested of exclusive original jurisdiction in the criminal case, and the circuit court had exclusive original jurisdiction over all the offenses. CJP § 4-302(f)(1)(ii), (2).

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1203

September Term, 2023

_____

STATE OF MARYLAND

v.

TYLER ALLEN MAILLOUX

_____

Reed,
Tang,
Eyler, James R.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Tang, J.

_____

Filed: March 27, 2024

The State filed a criminal information against Tyler Allen Mailloux in the Circuit Court for Worcester County, arising out of a hit-and-run that led to the death of 14-year-old G.K.[1] Mr. Mailloux moved to dismiss the case, claiming the charges were subject to the exclusive jurisdiction of the District Court. The circuit court granted the motion, and the State appealed.

On appeal, the State presents the following question for our review:

Did the circuit court err in dismissing the criminal information filed in the circuit court on the ground that exclusive jurisdiction lay in the District Court?

For the reasons below, we answer in the affirmative and shall reverse the circuit court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 11, 2022, G.K. was struck and killed by a vehicle whose driver failed to stop at the scene, render assistance, or report the accident. On April 28, 2023, the State filed a criminal information in the circuit court charging Mr. Mailloux with 17 counts of violating various provisions of Title 20 of Md. Code Ann., Transportation Article ("TA") (1977, 2020 Repl. Vol.).

Counts 1 through 8 charged Mr. Mailloux with misdemeanor and felony violations of the hit-and-run statute. Counts 9 through 17 charged him with misdemeanor violations based on his failure to render assistance to G.K., his failure to inform the police or the

---

[1] Under Maryland Rule 8-125(b)(1), this Court shall not identify the victim of the alleged crime, except by his or her initials, if the victim was a minor child at the time of the crime.

Motor Vehicle Administration ("MVA") of the accident, and his failure to provide insurance information. The charges against Mr. Mailloux are listed with their maximum potential penalties as follows:

| Count | Offense[2] | Maximum Potential Penalty[3] |
|-------|-----------|------------------------------|
| 1 | Misdemeanor failure to stop his vehicle at the scene of an accident that caused bodily injury, in violation of TA § 20-102(a)(1) | 1 year of imprisonment and/or a $3,000 fine |
| 2 | Felony failure to stop his vehicle at the scene of an accident that caused serious bodily injury, having known or should reasonably have known that the accident might result in serious bodily injury to another person and serious bodily injury actually occurred to another, in violation of TA § 20-102(c)(3)(i) | 5 years of imprisonment and/or a $5,000 fine. |
| 3 | Misdemeanor failure to remain at the scene of an accident that caused bodily injury, in violation of TA § 20-102(a)(2) | 1 year of imprisonment and/or a $3,000 fine |

---

[2] Under TA § 27-101, "[a] person who violates a provision of the Maryland Vehicle Law is guilty of a misdemeanor unless the violation: (1) Is a felony under the Maryland Vehicle Law; or (2) Is punishable by a civil penalty under the applicable provision of the Maryland Vehicle Law." TA § 27-101(a) (footnote omitted). "Except as otherwise provided in the Maryland Vehicle Law, a person convicted of a misdemeanor for a violation of a provision of the Maryland Vehicle Law is subject to a fine not exceeding $500." TA § 27-101(b).

[3] The penalties and/or fines for offenses charged in each count are provided in the following statutory provisions: for Counts 1 and 3, *see* TA § 20-102(c)(2)(i); for Counts 2 and 4, *see* TA § 20-102(c)(3)(i); for Counts 5 and 7, *see* TA § 20-102(c)(2)(ii); for Counts 6 and 8, *see* TA § 20-102(c)(3)(ii); for Counts 9 through 12, *see* TA § 20-104(e); and for Counts 13 through 17, *see* TA § 27-101(b).

| 4 | Felony failure to remain at the scene of an accident that caused serious bodily injury, having known or should reasonably have known that the accident might result in serious bodily injury to another person and serious bodily injury actually occurred to another, in violation of TA § 20-102(c)(3)(i) | 5 years of imprisonment and/or a $5,000 fine |
|---|---|---|
| 5 | Misdemeanor failure to stop his vehicle at the scene of an accident resulting in death, in violation of TA § 20-102(b)(1) | 5 years of imprisonment and/or a $5,000 fine |
| 6 | Felony failure to stop his vehicle at the scene of an accident resulting in death, having known or should reasonably have known that the accident might result in the death of another person and death actually occurred to another, in violation of TA § 20-102(c)(3)(ii) | 10 years of imprisonment and/or a $10,000 fine |
| 7 | Misdemeanor failure to remain at the scene of an accident resulting in death, in violation of TA § 20-102(b)(2) | 5 years of imprisonment and/or a $5,000 fine |
| 8 | Felony failure to remain at the scene of an accident resulting in death, having known or should reasonably have known that the accident might result in the death of another person and death actually occurred to another, in violation of TA § 20-102(c)(3)(ii) | 10 years of imprisonment and/or a $10,000 fine |
| 9 | Misdemeanor failure to render assistance by a driver in an accident resulting in bodily injury, in violation of TA § 20-104(a) | 2 months of imprisonment and/or a $500 fine |
| 10 | Misdemeanor failure to render assistance by a driver in an accident resulting in death, in violation of TA § 20-104(a) | 2 months of imprisonment and/or a $500 fine |
| 11 | Misdemeanor failure to inform police of an accident resulting in bodily injury, in violation of TA § 20-104(d) | 2 months of imprisonment and/or a $500 fine |
| 12 | Misdemeanor failure to inform police of an accident resulting in death, in violation of TA § 20-104(d) | 2 months of imprisonment and/or a $500 fine |

| 13 | Misdemeanor failure to provide insurance policy information, in violation of TA § 20-105.1 | $500 fine |
| 14 | Misdemeanor failure to report an accident resulting in bodily injury to the MVA, in violation of TA § 20-107(a) | $500 fine |
| 15 | Misdemeanor failure to report an accident resulting in death to the MVA, in violation of TA § 20-107(a) | $500 fine |
| 16 | Misdemeanor failure to provide insurance information to the MVA in an accident resulting in bodily injury, in violation of TA § 20-107(b) | $500 fine |
| 17 | Misdemeanor failure to provide insurance information to the MVA in an accident resulting in death, in violation of TA § 20-107(b) | $500 fine |

Mr. Mailloux moved to dismiss the information for lack of jurisdiction. At a hearing in the circuit court on August 18, 2023, he argued that the District Court had exclusive original jurisdiction over the charges under Md. Code Ann., Courts and Judicial Proceedings Article ("CJP") (1973, 2020 Repl. Vol.), § 4-301. Because CJP § 4-301(b) specifically lists violations of the hit-and-run statute as being within the exclusive original jurisdiction of the District Court, he maintained that the State could not initiate those charges in the circuit court.

He claimed that although CJP § 4-302(d)(1) provides concurrent jurisdiction for certain offenses, that provision did not expressly "vacate" the District Court's exclusive original jurisdiction over violations of the hit-and-run statute. Mr. Mailloux also asserted that he had a right to choose the forum in which his case was tried. By bringing the charges in the circuit court, the State denied him the opportunity to have the case heard in the District Court, which he claimed was a violation of due process.

4

The State responded that Mr. Mailloux's argument ignored the introductory clause of CJP § 4-301(b), which provides exceptions to the exclusive original jurisdiction of the District Court. Because some of the charged offenses fell under the exceptions for concurrent jurisdiction, the State properly filed the information for all charges in the circuit court.

After the hearing, the court granted Mr. Mailloux's motion to dismiss for lack of jurisdiction. The court explained that the State made a "charging mistake" by filing the information in the "wrong court"; instead, the charges should have been filed in the District Court. Although the case may have eventually ended up in the circuit court through a jury trial prayer by Mr. Mailloux, the court remarked that he "wasn't afforded the opportunity to make that choice[.]"

On August 22, 2023, the court entered an order granting Mr. Mailloux's motion to dismiss. The State timely appealed.[4]

**STATUTORY FRAMEWORK**

Maryland's circuit courts are courts of original general jurisdiction. *See Powell v. State*, 324 Md. 441, 446 (1991); *Parker v. State*, 337 Md. 271, 287 n.11 (1995) (citing CJP § 1-501). The circuit court has jurisdiction "in all civil and criminal cases within its county

---

[4] The State filed its notice of appeal on August 18, 2023, after the circuit court announced its granting of the motion to dismiss on the record and before the clerk entered the order of dismissal on August 22, 2023. Although the filing of the notice of appeal by the State was premature, it was timely under the savings provision of Maryland Rule 8-602(f) ("A notice of appeal filed after the announcement or signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.").

. . . except where by law jurisdiction has been limited or conferred exclusively upon another tribunal." CJP § 1-501.

## CJP § 4-301:
## District Court's Exclusive Original Jurisdiction, Subject to Exceptions

In contrast, the District Court is a court of limited jurisdiction and "may exercise only those powers granted to it by statute." *Fielding v. State*, 238 Md. App. 262, 279 (2018) (cleaned up); *see* CJP § 1-601. Subsection (a) of CJP § 4-301 grants the District Court exclusive original jurisdiction in a criminal case[5] in which a person at least 16 years old is charged with violating vehicle laws. Subsection (b) grants the District Court exclusive original jurisdiction in a criminal case in which a person at least 18 years old is charged, in pertinent part, with a common-law or statutory misdemeanor, *see* (b)(1); or a violation of the hit-and-run statute under TA § 20-102, *see* (b)(17).[6] But the District Court's exclusive original jurisdiction is subject to exceptions under CJP § 4-302 as set forth below:

> (a) *Except as provided in §§ 3-803 and 3-8A-03 of this article and 4-302 of this subtitle*, the District Court has exclusive original jurisdiction in a criminal case in which a person at least 16 years old . . . is charged with violation of the vehicle laws . . .

> (b) *Except as provided in § 4-302 of this subtitle*, the District Court also has exclusive original jurisdiction in a criminal case in which a person at least 18 years old . . . is charged with:

---

[5] A "criminal case" is defined as "a criminal case within the jurisdiction of the District Court and *includes a case charging a violation of motor vehicle or traffic laws* and a case charging a violation of a law, rule, or regulation if a fine or imprisonment may be imposed." CJP § 4-101(b) (emphasis added).

[6] CJP § 4-301(b) enumerates 25 categories of offenses for which the District Court has exclusive original jurisdiction.

(1) Commission of a common-law or statutory misdemeanor regardless of the amount of money or value of the property involved;

* * *

(17) Violation of § 20-102 of the Transportation Article, whether a felony or misdemeanor[.]

CJP § 4-301 (emphasis added); *see* CJP § 4-302(a) ("Except as provided in § 4-301(b) . . . (17) . . . of this subtitle, the District Court does not have jurisdiction to try a criminal case charging the commission of a felony.").

In the following sections, we provide an overview of the exceptions for concurrent jurisdiction under subsection (d) of CJP § 4-302 and the divestiture of the District Court's exclusive original jurisdiction under subsections (e) and (f).[7]

### CJP § 4-302(d):
### Concurrent Jurisdiction

The District Court's jurisdiction over an offense is concurrent with that of the circuit court under two circumstances, subject to an exception not applicable here. First, the District Court and circuit court have concurrent jurisdiction over offenses for which the "penalty may be confinement for 3 years or more or a fine of $2,500 or more[.]" CJP § 4-302(d)(1)(i). Second, the District Court has concurrent jurisdiction with the circuit court

---

[7] There are other exceptions under CJP § 4-302 that are not relevant to the discussion in this case. *See* CJP § 4-302(b) (juvenile causes) and (c) (jurisdiction concurrent with juvenile court in school attendance cases).

for felony offenses listed in CJP § 4-302(d)(1)(ii), including those under the hit-and-run statute (TA § 20-102).[8] The pertinent provisions of CJP § 4-302(d) provide as follows:

> (d)(1) Except as provided in paragraph (2) of this subsection,[9] the jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case:
>
> > (i) In which the penalty may be confinement for 3 years or more or a fine of $2,500 or more; or
> >
> > (ii) That is a felony, as provided in § 4-301(b) . . . (17) . . . of this subtitle.

## CJP § 4-302(e) and (f):
## Divesting the District Court of Exclusive Original Jurisdiction

Certain triggering events will divest the District Court of its exclusive original jurisdiction in a criminal case. *See Fielding*, 238 Md. App. at 278; *see* CJP § 4-302. Often, the divestiture is carried out by a timely prayer for a jury trial under CJP § 4-302(e). *See* CJP § 4-302(e)(1) ("The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court."); *Privette v. State*, 320 Md. 738, 744 (1990). Once a defendant makes a timely demand for a jury trial of a charge pending against him in District Court, "the District Court loses all jurisdiction over any other charges pending against the defendant which grew out of the same incident as

---

[8] In 2002, the hit-and-run statute was amended to establish felonies for hit-and-run offenses that result in serious bodily injury to or death of another person. It also established increased penalties and "provides that the District Court has concurrent jurisdiction with a circuit court relating to such felonies." SB 345, Revised Fiscal Note (Md. Laws 2002).

[9] CJP § 4-302(d)(2), which relates to violations of the Controlled Dangerous Substances Act, is not applicable here.

8

the charge to be tried by a jury in the Circuit Court." *Powers v. State*, 70 Md. App. 44, 49 (1987) (citing *State v. Huebner*, 305 Md. 601, 610 (1986)).

Subsection (f) provides other triggering events that divest the District Court of its exclusive original jurisdiction:

> (1) Except as provided in Title 4, Subtitle 5 of the Family Law Article, *the District Court does not have jurisdiction of an offense otherwise within the District Court's jurisdiction if a person is charged:*
>
> > (i) With another offense arising out of the same circumstances but not within the District Court's jurisdiction; or
> >
> > (ii) *In the circuit court with an offense arising out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court described under subsection (d) of this section.*
>
> (2) *In the cases described under paragraph (1) of this subsection, the circuit court for the county has exclusive original jurisdiction over all the offenses.*

CJP § 4-302(f) (emphasis added); *see, e.g.*, *Privette*, 320 Md. at 744–45 (the circuit court had concurrent jurisdiction over charges for vehicular manslaughter and homicide by a motor vehicle while intoxicated, and the charge for driving without insurance arose from the same circumstances. "Accordingly, under § 4-302, once a person is charged in the circuit court, the District Court is divested of jurisdiction over *all offenses* arising out of the same accompanying facts. We do not believe the meaning of this phrase could be any plainer."); *Harris v. State*, 94 Md. App. 266, 276 (1992) (the circuit court had concurrent jurisdiction over charges for vehicular manslaughter and homicide by motor vehicle while intoxicated; when the information was filed in the circuit court, the District Court was divested of jurisdiction over the other alcohol-related driving offenses arising out of the

9

same circumstances, and the circuit court was vested with exclusive original jurisdiction over those offenses).

## DISCUSSION

The State argues that the circuit court erred in dismissing the information filed in the circuit court on the ground that exclusive original jurisdiction lay in the District Court. Under CJP § 4-302(d)(1), the District Court and circuit court have concurrent jurisdiction over the offenses charged in Counts 1 through 8. Thus, under CJP § 4-302(f)(1)(ii) and (2), once the State opted to bring these charges in the circuit court, exclusive original jurisdiction as to all charged offenses vested in the circuit court, including those that otherwise would have been within the exclusive original jurisdiction of the District Court (Counts 9 through 17 arising from the same circumstances).

Mr. Mailloux disagrees with the State's interpretation of the statutes. Among other arguments we address later, he urges us to conclude that CJP § 4-301, defining the contours of the District Court's exclusive original jurisdiction that include the subject charges, trumps CJP § 4-302(d)(1), governing exceptions for concurrent jurisdiction.

### Standard of Review

Because we are asked to address whether the circuit court correctly interpreted the jurisdictional statutes—a question of law—we review the issue without deference to the circuit court. *Fielding*, 238 Md. App. at 271. We have explained:

> [T]he goal of statutory interpretation is to ascertain and implement, to the extent possible, the legislative intent. In doing so, we look first to the statute's plain language, giving the words their natural and ordinary meaning. If the language is clear and unambiguous on its face, our inquiry ends.

10

Although we will neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute with forced or subtle interpretations that limit or extend its application, we do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone. Rather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute. We presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope.

If the language of the statute is ambiguous, the courts consider not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment under consideration. An ambiguity exists when there are two or more reasonable alternative interpretations of the statute. In that event, an appellate court will resolve the ambiguity by looking to the statute's legislative history, case law, and statutory purpose, avoiding a construction of the statute that is unreasonable, illogical, or inconsistent with common sense.

*State v. Samples*, 229 Md. App. 531, 533–35 (2016) (quoting *Allstate Lien & Recovery v. Stansbury*, 219 Md. App. 575, 584–86 (2014)) (cleaned up). Both sides agree that the language of the pertinent statutes is clear and unambiguous. But they disagree on the interpretation of the provisions.

## Analysis

Our plain reading of the clear and unambiguous language of CJP §§ 4-301 and 4-302 leads us to conclude the following:

All 17 counts in the information charged Mr. Mailloux with violations of the vehicle laws. *See* CJP § 4-301(a). Counts 1, 3, 5, 7, and 9 through 17 charged statutory misdemeanors. *See* CJP § 4-301(b)(1). Counts 1 through 8 charged felony and misdemeanor violations of the hit-and-run statute under TA § 20-102. *See* CJP § 4-

11

301(b)(17). Therefore, unless an exception applies, the District Court would have had exclusive original jurisdiction in this case.

Exceptions for concurrent jurisdiction apply to certain offenses here. Under subsection (i) of CJP § 4-302(d)(1), the District Court and circuit court have concurrent jurisdiction over offenses charged in Counts 1 through 8. This is because these charges met the penalty thresholds of "confinement for 3 years or more *or* a fine of $2,500 or more[.]" (Emphasis added). Separately, under subsection (ii), the District Court and circuit court have concurrent jurisdiction over offenses charged in Counts 2, 4, 6, and 8 because they are felonies under the hit-and-run statute (TA § 20-102). *See* CJP § 4-302(d)(1)(ii).

When the State filed the information in the circuit court to include offenses charged in Counts 9 through 17, which undisputedly arose out of the same circumstances as offenses charged in Counts 1 through 8, the District Court was divested of exclusive original jurisdiction in the criminal case, and the circuit court had exclusive original jurisdiction over all the offenses. *See* CJP § 4-302(f)(1)(ii), (2). We, therefore, hold that the circuit court erred in dismissing the information filed in the circuit court on the ground that exclusive original jurisdiction lay in the District Court.

Mr. Mailloux makes various arguments for why the circuit court did not err in dismissing the information. But we have rejected his arguments for the reasons stated below.

### *Mr. Mailloux's Statutory Interpretation*

Mr. Mailloux interprets the statutory scheme differently. He asserts that while the circuit court may have concurrent jurisdiction to *try* the offenses, that does not mean they

12

should have been *charged* there. This is because under CJP § 4-301, the District Court had "exclusive original" jurisdiction over all the charges, and this "first and more specific" statute "specifically controls" over CJP § 4-302(d)(1), governing exceptions for concurrent jurisdiction. Because the terms "exclusive" and "original jurisdiction" collectively mean the limited power to hear and decide a matter before any other court can review it, the District Court was where the charges should have originated.

Although he acknowledges the exceptions to the District Court's exclusive original jurisdiction in CJP § 4-302(d)(1), Mr. Mailloux claims none had been triggered. He explains it is "reasonable" to interpret CJP § 4-302(d)(1)(i) to govern concurrent jurisdiction "for trial purposes for the larger universe of criminal cases" not specified in CJP § 4-301(b) and that meet the penalty threshold of confinement for three years or more or a fine of $2,500 or more. He adds that interpreting CJP § 4-302(d)(1)(ii) to allow the State to file charges for violating the vehicle laws and the hit-and-run statute in the circuit court would render CJP § 4-301 meaningless. This is because a violation of the hit-and-run statute is both a violation of the "vehicle laws" under CJP § 4-301(a) and one of the 25 categories of offenses listed in CJP § 4-301(b). Where more than one statute applies, the more specific provision—subsection (b)—should override the general—subsection (a).

We are unpersuaded by Mr. Mailloux's atextual interpretations of CJP §§ 4-301 and 4-302. At the outset, we reject his attempt to invoke the specific-over-general canon of construction to force a reading that CJP § 4-301 supersedes § 4-302 and that subsection (b) of § 4-301 supersedes subsection (a). "It is true that when two statutes, one general and one specific, are found to conflict, the specific statute will be regarded as an exception to the

13

general statute." *State v. Roshchin*, 446 Md. 128, 142 (2016) (cleaned up). But there has been no contention that such a conflict exists in these statutory provisions, nor do we detect any.

We disagree that the definitions of "exclusive" and "original jurisdiction" override the exception clauses in CJP § 4-301(a) and (b). Nor does the plain language of the statutes support an interpretation that concurrent jurisdiction is only applicable for trying offenses but not for charging them. Adopting Mr. Mailloux's interpretation of the statutes would essentially require us to read the exception for concurrent jurisdiction under CJP § 4-302(d)(1) as if it were written as follows:

> . . . the jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case:
>
> (i) <u>That is an offense, other than those enumerated in § 4-301(b) of this subtitle,</u> in which the penalty may be confinement for 3 years or more or a fine of $2,500 or more; or
>
> (ii) That is a felony, as provided in § 4-301(b) . . . (17) . . . of this subtitle.

We reject such a forced interpretation as it contradicts the established principles of statutory construction to which this Court is bound. *See Moore v. State*, 424 Md. 118, 129 (2011) (citing *Henriquez v. Henriquez*, 413 Md. 287, 299 (2010) ("[w]e will not . . . judicially insert language [into a statute] to impose exceptions, limitations, or restrictions not set forth by the legislature")); *McGlone v. State*, 406 Md. 545, 559 (2008) ("We interpret the words enacted by the Maryland General Assembly; we do not rewrite the language of a statute to add a new meaning.").

14

As Mr. Mailloux observes, our appellate courts have not yet addressed whether a violation of the hit-and-run statute under TA § 20-102—which is listed under CJP § 4-301(b)(17)—is subject to the penalty threshold for concurrent jurisdiction under CJP § 4-302(d)(1)(i). Our courts, however, have previously established that one of the other listed categories under CJP § 4-301(b)—specifically subsection (b)(1) for common-law or statutory misdemeanors—must be read together with CJP § 4-302(d)(1)(i). *See In re Darren M.*, 358 Md. 104, 110 n.7 (2000); *see, e.g.*, *McCracken v. State*, 150 Md. App. 330, 354 (2003) (charge of concealment of a dangerous or deadly weapon was a statutory misdemeanor under CJP § 4-301(b)(1) and subject to concurrent jurisdiction in the circuit court under CJP § 4-302(d)(1)(i)); *Fielding*, 238 Md. App. at 272 (driving while under the influence was both a violation of the vehicle laws under CJP § 4-301(a) *and a statutory misdemeanor under CJP § 4-301(b)(1)* and therefore, the District Court would have exclusive original jurisdiction "unless an exception applie[d,]" such as CJP § 4-302(d)(1)(i)). If a violation falls under subsection CJP § 4-301(b)(1) and is subject to the penalty threshold for concurrent jurisdiction under CJP § 4-302(d)(1)(i), we see no reason why a violation of any other category of offenses listed in CJP § 4-301(b)—such as subsection (b)(17) for violating the hit-and-run statute under TA § 20-102—would not also be subject to the same exception.

*Mr. Mailloux's Right to Choose Where He Is Tried*

Mr. Mailloux argues that if the State is allowed to decide where to file charges, he would be deprived of his right to choose where he is tried. The argument, however, is based on a misunderstanding about who controls jurisdiction in a criminal case.

15

As Professor Byron L. Warnken explains in his treatise:

Subject matter jurisdiction may be exclusively in Circuit Court, exclusively in District Court, or in either of those courts, at the option of the prosecutor. This is concurrent subject matter jurisdiction in which the State may prosecute the defendant in either Circuit Court or District Court. Subject matter jurisdiction is controlled by the defendant if there is a constitutional, statutory, or court rule basis for a jury trial, and the defendant elects a jury trial.

2 Byron L. Warnken, *Maryland Criminal Procedure* 663 (2d ed. 2022); *see Brown v. State*, 454 Md. 546, 553 (2017) ("The State has *discretion to bring* certain charges in district or circuit court, depending upon which crimes are charged.") (emphasis added); *Bomhardt v. State*, 71 Md. App. 609, 613 (1987) (explaining that the State's Attorney has the discretion to determine the mode or means to initiate the criminal charges).

In *Wodoslawsky v. State*, 36 Md. App. 654 (1977), we noted the State's privilege to choose between pursuing charges in the District Court or circuit court in a case of concurrent jurisdiction. *Id.* at 659. There, the defendant was charged with vehicular manslaughter in both courts, but the State ultimately tried him in the circuit court. *Id.* at 655. The defendant moved to dismiss the indictment because, although both courts had concurrent jurisdiction, the State filed the charges with the District Court first, which he asserted barred the State from prosecuting the offense in the circuit court. *Id.* The circuit court denied the motion to dismiss. *Id.*

On appeal, we affirmed the denial of the motion to dismiss the indictment. *Id.* at 662. We explained that when there is concurrent jurisdiction, the State has the discretion to choose where to file the charges:

> In our view the state's attorney has the choice, subject to statutory and constitutional proscription, to determine the mode or means he will employ to initiate the criminal charges and the forum in which the ultimate trial will be conducted.

> Here the state's attorney *was privileged to file the charging document in the district court or to proceed by way of an indictment*. He apparently decided to take both courses and then elected to conduct the trial in the circuit court.

*Id.* at 659 (citations omitted and emphasis added). Because the District Court and circuit court have concurrent jurisdiction over Counts 1 through 8, the State was privileged to file the charging document in the circuit court.

In cursory fashion, Mr. Mailloux contends that curtailing his choice to select his forum in District Court would interfere with his right to a fair trial guaranteed by the due process clause of the Fourteenth Amendment of the U.S. Constitution and Article 24 of the Maryland Declaration of Rights. Other than citing *Sapero v. Mayor and City Council of Baltimore*, 398 Md. 317 (2007), for the proposition that interpreting Article 24 is synonymous with the term "due process of law" as used in the Fifth and Fourteenth Amendments to the federal Constitution, Mr. Mailloux cites no controlling law to support his argument. Nor does he provide any authority to suggest that concurrent jurisdiction violates a defendant's right to due process. We, therefore, decline to address the point. *See Tallant v. State*, 254 Md. App. 665, 689 (2022) (declining to address an issue that was not adequately briefed; an appellate court will not search for law to sustain a party's position); Md. Rule 8-504(a)(6).

*Mr. Mailloux's Reliance on Maryland Rule 4-201*

"Maryland Rule 4-201 governs the use of charging documents, expressly stating in which instances an offense may be tried by charging document." *Brown*, 454 Md. at 553. Subsection (c) provides that in the circuit court, an offense may be tried

> (1) on an indictment, or

> (2) on an information if the offense is (A) a misdemeanor, or (B) a felony within the jurisdiction of the District Court, or (C) any other felony and lesser included offense if the defendant requests or consents in writing to be charged by information, or if the defendant has been charged with the felony and a preliminary hearing pursuant to Rule 4-221 has resulted in a finding of probable cause, or if the defendant has been charged with the felony as to which a preliminary hearing has been waived, or

> (3) on a charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court.

Mr. Mailloux interprets the rule to mean that an offense may be tried on a criminal information if (1) a defendant requests or consents in writing to be charged by criminal information, (2) a preliminary hearing has been held, and probable cause has been found, (3) the defendant has waived a preliminary hearing, or (4) the defendant has prayed a jury trial or appealed from the judgment of the District Court. "If and when one of the conditions is met in the future, only then will the circuit court have concurrent jurisdiction to try the offenses." He contends that none of these conditions had been met in this case.

Mr. Mailloux's reliance on Maryland Rule 4-201(c) is flawed because he mistakenly interprets the rule as affecting the circuit court's jurisdiction. Our Supreme Court in *Powell v. State*, 324 Md. 441 (1991), explained that the rule addresses "a procedural matter: the regulation of the movement of cases from the District Court, in which the preliminary

18

hearing process is lodged, to the circuit court; *[it] do[es] not control the fundamental jurisdiction of the circuit courts.*" *Id.* at 446 (emphasis added). Accordingly, we reject Mr. Mailloux's reliance on Rule 4-201(c) to establish jurisdiction.[10]

*Mr. Mailloux's Reliance on Fielding v. State*

Mr. Mailloux relies on *Fielding v. State*, 238 Md. App. 262 (2018), for the purported proposition that filing a criminal information in the circuit court cannot confer jurisdiction on that court for charges that are within the exclusive original jurisdiction of the District Court. But this is an overgeneralized reading of the case.

In *Fielding*, we examined whether the exception providing for concurrent jurisdiction applied when the defendant was charged with driving while under the influence ("DUI") and the State sought enhanced penalties that met the penalty threshold under CJP § 4-302(d)(1)(i). *Id.* at 272–73. The defendant was issued citations for two incidents of DUI under TA § 21-902(a)—a misdemeanor which, standing alone, carried a maximum potential penalty of 1 year of imprisonment and/or a $1,000 fine. *Id.* at 266, 268–69. Months later, the State charged the defendant by criminal information in the circuit court in two cases corresponding to the offenses charged in the District Court. *Id.* at 266. Later the same day, the State filed notices of intent to seek enhanced penalties, which carried a maximum potential penalty of 3 years of imprisonment and/or a $3,000 fine (TA § 27-

---

[10] The State points out that from a purely procedural standpoint, Mr. Mailloux was properly charged by information under Rule 4-201(c)(2) because the charges were either misdemeanors under subsection (A) or felony violations within the jurisdiction of the District Court under subsection (B). The issue of whether Mr. Mailloux was properly charged by information from a purely procedural standpoint was not challenged below and is not before us.

101(k)(1)(iii)) because the defendant previously had been convicted of multiple violations of the same offense. *Id.* at 266–67, 269.

The defense moved to dismiss, alleging that the circuit court lacked subject matter jurisdiction over the charges because the State's subsequent filing of the notice of intent to seek enhanced penalties did not and could not divest the District Court of its exclusive original jurisdiction. *Id.* at 270. The circuit court denied the motion. *Id.*

On appeal, we established that DUI was both a violation of the vehicle laws under CJP § 4-301(a) and a statutory misdemeanor under one of the listed categories of offenses of (b)(1). *Id.* at 272. Therefore, the District Court would have had exclusive original jurisdiction in the cases unless an exception applied. *Id.*

We concluded that when the charges were later filed in the circuit court, the defendant was not yet eligible for an enhanced penalty under TA § 27-101(k)(1)(iii) and thus did not, at that time, meet the penalty threshold for concurrent jurisdiction in the circuit court under CJP § 4-302(d)(1)(i). *Id.* at 276. "Therefore, the filing of the criminal informations could not have divested the District Court of its jurisdiction." *Id.* at 274.

We also explained that none of the relevant triggering events that would divest the District Court of its exclusive original jurisdiction under CJP § 4-302 applied. *Id.* at 278–79. In pertinent part, there was no triggering event under subsection (f)(1)(ii)—that the defendant be charged with "an offense arising out of the same circumstances and within the concurrent jurisdictions of the District Court and the circuit court"—because there was no concurrent jurisdiction over the charges for the reason stated earlier. *Id.*

20

Mr. Mailloux argues that the reasoning in *Fielding* should apply here. He contends that if filing an information in the circuit court in *Fielding* could not divest the District Court of jurisdiction, then filing the information here could not confer jurisdiction on the circuit court. We disagree with this overbroad reading of the case.

The Court's reasoning in *Fielding* did not depend solely on the filing of the information but rather on why the filing did not divest the District Court of its jurisdiction. The filing of the information in the circuit court did not divest the District Court of its jurisdiction because the cases, at the time the informations were filed, did not meet the penalty threshold under CJP § 4-302(d)(1)(i). To reiterate, the Court explained:

> [W]hen the informations were filed, neither case satisfied the threshold for concurrent jurisdiction in the circuit court, "confinement of 3 years or more or a fine of $2,500 or more," CJ[P] § 4-302(d)(1)(i), and therefore, under CJ[P] § 4-301(a) and (b)(1), jurisdiction remained, at that time, in the District Court. Consequently, because the criminal informations were filed in a court that lacked jurisdiction, the court's actions, in docketing those filings, had no legal effect[.]

*Id.* at 276.

Unlike in *Fielding*, the charges in Counts 1 through 8 in this case met the penalty threshold of "confinement for 3 years or more or a fine of $2,500 or more" under CJP § 4-302(d)(1)(i). Therefore, the circuit court had concurrent jurisdiction over these offenses. When the State filed the information in the circuit court to include offenses charged in Counts 9 through 17, which undisputedly arose out of the same circumstances as the offenses charged in Counts 1 through 8, the District Court was divested of exclusive original jurisdiction in the criminal case, and the circuit court had exclusive original jurisdiction over all offenses charged in the 17 counts. *See* CJP § 4-302(f)(1)(ii), (2). For

the reasons stated, the circuit court erred in granting Mr. Mailloux's motion to dismiss for

lack of jurisdiction.

**JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY REVERSED. COSTS TO BE PAID BY APPELLEE.**

The correction notice(s) for this opinion(s) can be found here:

https://www.mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/1203s23cn.pdf